**SO ORDERED.**

**SIGNED this 25th day of March, 2021.**



_____
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Wendy Bivens ) | Bankruptcy Case No. 14-80841 |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| ) | |
| Wendy Bivens, ) | |
| ) | AP No. 20-09018 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NewRez LLC f/k/a New Penn ) | |
| Financial, LLC and d/b/a ) | |
| Shellpoint Mortgage Servicing ) | |
| and CitiMortgage, Inc., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS COMPLAINT

This adversary proceeding came before the Court on February 25, 2021, to consider the Motion to Dismiss Adversary Proceeding [Doc. #10] (the "Motion to Dismiss") filed by Defendant CitiMortgage, Inc. ("Defendant") on October 12, 2020. At the hearing, Jason Purser and Andrew Vining appeared on behalf of Defendant, Koury Hicks and Craig Shapiro appeared

1

on behalf of Wendy Bivens ("Plaintiff"), and William Miller appeared as the United States Bankruptcy Administrator. After considering the Motion to Dismiss, the Brief in Support of the Motion to Dismiss [Doc. #15], the Brief in Opposition to the Motion to Dismiss [Doc. # 30], the arguments of counsel, and the record in this proceeding, the Court finds that the Motion to Dismiss should be denied for the reasons that follow.

## BACKGROUND

On July 31, 2014, Plaintiff filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. Plaintiff owns real property located at 1618 South Alston Avenue, Durham, North Carolina (the "Property"), which is Plaintiff's principal residence. The Property secured a mortgage claim held by Defendant. Plaintiff's plan was confirmed on October 20, 2014. Pursuant to the confirmed plan, Plaintiff proposed to pay the mortgage as a long term debt with the Chapter 13 Trustee to make ongoing monthly mortgage payments to Defendant in addition to monthly payments on the prepetition arrearage in an amount "To be determined" (Case No. 14-80841, Doc. # 21). Defendant filed a proof of claim on November 14, 2014, indicating that the ongoing monthly mortgage payment was $1,128.08 and the total arrearage claim was $7,011.61 (Claim #3). The ongoing monthly mortgage payment was later reduced to $1,069.54 effective August 2015 due to an escrow change (Case No. 14-80841, Doc. # 29).

On December 9, 2016 a Notice of Transfer was filed indicating that Defendant assigned the deed of trust and secured claim to Ditech Financial, LLC, with notices and payments to be sent to Ditech Financial, LLC (Case No. 14-80841, Doc. # 44). On July 19, 2017 a Notice of Transfer was filed indicating that Ditech Financial, LLC assigned the deed of trust and secured claim to New Penn Financial, LLC d/b/a/ Shellpoint Mortgage Servicing with notices and payments to be sent to Shellpoint Mortgage Servicing (Case No. 14-80841, Doc. # 46). On

January 29, 2020, the Trustee filed a Notice of Final Cure Mortgage Payment (Case No. 14-80841, Docket # 60). NewRez, LLC d/b/a Shellpoint Mortgage Servicing responded to the Notice of Final Cure Payment agreeing that the prepetition arrearage was cured and that the Plaintiff was current on all postpetition payments, with the next payment due on February 1, 2020 (Case No. 14-80841, Docket # 61). On February 19, 2020, a Notice of Transfer was filed indicating that New Penn Financial, LLC d/b/a/ Shellpoint Mortgage Servicing assigned the deed of trust and secured claim to NewRez, LLC d/b/a/ Shellpoint Mortgage Servicing with notices and payments to be sent to NewRez, LLC d/b/a/ Shellpoint Mortgage Servicing (Case No. 14-80841, Doc. # 62). Plaintiff made all payments required under the confirmation order and received her Order of Discharge on June 1, 2020 (Case No. 14-80841, Doc. # 69). Plaintiff received a Notice of Default and Intent to Accelerate from Shellpoint on June 2, 2020 (Doc. #1, ¶ 84). Her bankruptcy case was closed on July 8, 2020.

On August 19, 2020, Plaintiff filed a motion to reopen her bankruptcy case for the purpose of filing an adversary proceeding against her past and present mortgage holders which was granted by Order dated September 11, 2020 (Case No. 14-80841, Doc. # 77 & 81). The same day the case was reopened, Plaintiff filed a complaint against NewRez LLC f/k/a New Penn Financial, LLC and d/b/a/ Shellpoint Mortgage Servicing and Defendant. The complaint contains three claims for relief: (1) violation of the discharge injunction, (2) violation of the automatic stay, and (3) violation of Bankruptcy Rule 3002.1(c)[1]. Plaintiff asserts that Defendant willfully failed to correctly credit payments received under the confirmed plan, in violation of the discharge injunction and automatic stay (Doc. #1, ¶¶ 144, 208). Specifically, Plaintiff alleges

---

[1] In addition, Plaintiff alleged violation of Bankruptcy Rule 3002.1(g) only as to NewRez LLC f/k/a New Penn Financial, LLC and d/b/a/ Shellpoint Mortgage Servicing. This Motion to Dismiss only pertains to the claims alleged against CitiMortgage, Inc.

that Defendant misapplied ongoing monthly payments received from the Trustee to the prepetition arrearage claim, misapplied ongoing monthly payments to the wrong month, and misapplied prepetition arrearage payments to the ongoing monthly installment payments (Doc. #1, ¶¶ 96-98). Plaintiff further asserts that Defendant assessed fees, expenses, and charges to Plaintiff's account without filing the requisite notice pursuant to Bankruptcy Rule 3002.1(c) including late charges, foreclosure attorney fees, bankruptcy costs, property inspections, technology fees, appraisal fees, and electronic invoice fees (Doc. #1, ¶ 191).

On October 12, 2020, Defendant filed their answer and this Motion to Dismiss which is presently before the Court requesting that the Court dismiss the complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), made applicable in this proceeding via Rule 7012 of the Federal Rules of Bankruptcy Procedure, provides that a complaint should be dismissed if "it fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To satisfy this pleading standard, the complaint must allege facts sufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff pleads facts that allow the Court to reasonably infer that the plaintiff is entitled to his sought-after relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine plausibility, all well-pled facts set forth in the complaint are taken as true and viewed in a light most favorable to the plaintiff. *Id.* "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" will not constitute well-pled facts necessary to withstand a motion to dismiss. *Nemet Chevrolet, Ltd. v. Consumerafffairs.com, Inc.*, 591 F.3d 250, 255 (4th

Cir. 2009). In addition, "if the complaint lacks an allegation regarding an element necessary to obtain relief," dismissal is proper under Rule 12(b)(6). 2 MOORE'S FEDERAL PRACTICE § 12.34(4)(a) (2019); *see also* EEOC v. Pbm Graphics, 877 F. Supp. 2d 334, 343 (M.D.N.C. 2012) (finding that a plaintiff must allege facts sufficient to state each element of his claim in order to survive a 12(b)(6) motion to dismiss) (citing Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764–65 (4th Cir. 2003)).

## DISCUSSION

*I)*     *First Cause of Action: Violation of the Section 524(i) Discharge Injunction*

Plaintiff contends that Defendant violated 11 U.S.C. § 524(i) by willfully failing to correctly credit payments received under the confirmed plan and as such asks the Court to sanction Defendant pursuant to its authority under 11 U.S.C. § 105.[2] 11 U.S.C. §524(i) provides that:

> The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming a plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor.

11 U.S.C. § 524(i). Thus, there are two requirements that must be met to establish a violation of §524(i): (1) a willful failure to credit payments received under a confirmed plan and (2) material injury to the debtor. *Williams v. Citifinancial Servicing LLC (In re Williams)*, 612 B.R. 682, 691 (Bankr. M.D.N.C. 2020) (citing *Ridley v. M&T Bank (In re Ridley)*, 572 B.R. 352, 361 (Bankr. E.D. Okla. 2017)).

---

[2] 11 U.S.C. § 105 "allows a bankruptcy court to hold a creditor in civil contempt, and impose contempt sanctions, for violating the discharge injunction." *Williams v. Citifinancial Servicing LLC (In re Williams)*, 612 B.R. 682, 690 (Bankr. M.D.N.C. 2020) (citing *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801, 204 L. Ed. 2d 129 (2019)).

As to the first requirement, in the context of §524(i), "willfullness" only requires that the creditor intended to apply the payments received in the manner it applied them. *See In re Williams*, 572 B.R. at 691. "Willfullness" does not require bad faith nor a specific intent to violate the Code or plan provisions. *Id*. In the Complaint, Plaintiff alleges that Defendant "willfully failed to correctly credit payments received under the confirmed plan" (Doc. #1, ¶ 144). Specifically, the Plaintiff alleges that Defendant misapplied ongoing monthly payments received from the Trustee to the prepetition arrearage claim, misapplied ongoing monthly payments to the wrong month, and misapplied prepetition arrearage payments to the ongoing monthly installment payments (Doc. #1, ¶¶ 96-98). Plaintiff alleges that Defendant communicated inaccurate account information to Shellpoint, due to the misapplied payments, which led to Shellpoint demanding post-discharge payments of amounts that had already been paid during the Chapter 13 Plan and caused Shellpoint to send Plaintiff a Notice of Default and Intent to Accelerate, initiating a foreclosure action on Plaintiff's home of over fifty years (Doc. #1, ¶¶ 84, 171). The Court finds that the allegation that Defendant willfully misapplied payments, which is supported by the subsequent inaccurate account balance and threat of foreclosure, sufficiently plausible taken in the light most favorable to the Plaintiff to survive a motion to dismiss.

As to the second requirement, a material injury to the debtor, this will "be met in virtually every case involving a secured creditor, because the failure to properly credit payments will almost always result in a higher payoff balance for the debtor and therefore a larger lien on the debtor's property than if the payments were credited properly." *Id*. at 692 (quoting 4 Collier on Bankruptcy ¶ 524.08 (16th ed. 2019)). The Complaint alleges this precise injury, that due to the misapplication of payments, there was "an allegedly past due balance upon discharge" which led

to "Shellpoint demanding post-discharge payments of amounts that had already been paid during the Chapter 13 Plan" (Doc. #1, ¶¶ 5, 171). Plaintiff also alleges emotional injury (Doc. #1, ¶ 173).

Further, this Court has previously held in *Williams* that where a creditor misapplies payments under a confirmed plan and then transfers the account with records showing an incorrect payment history and inflated loan balance, causing injury to the plaintiff, that those actions could constitute a violation of § 524(i). *In re Williams*, 572 B.R. at 693-94 (finding that §524(i) applies to both current and previous claim holders. Also finding that transferring a "mortgage account with an inflated balance due to misapplied payments sufficient to constitute an act to collect for the purposes of withstanding a motion to dismiss under Rule 12(b)(6)"). As such, the facts pled in the Complaint are sufficient to state a plausible claim for violation of the § 524(i) discharge injunction.

II)  *Second Cause of Action: Violation of the Automatic Stay*

Plaintiff also seeks sanctions against Defendant for violation of the automatic stay pursuant to 11 U.S.C. § 362(k). Section 362(k) provides that "an individual injured by any willful violation of a stay … shall recover actual damages including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). Therefore, to support a claim for violation of the automatic stay, a movant must show 1) that there was a violation of the automatic stay, 2) that the violation was willful, and 3) that actual damages resulted from the violation. *In re Williams*, 572 B.R. at 694 (citing *Ridley v. M&T Bank (In re Ridley)*, 572 B.R. 352, 361 (Bankr. E.D. Okla. 2017).

Plaintiff alleges that the misapplication of payments received under the confirmed plan constitutes a violation of the automatic stay (Doc. #1, ¶¶ 204-06). This Court has followed the

majority of courts and has held that "misapplication of chapter 13 plan payments is a cause of action for violation of the automatic stay." *In re Williams*, 572 B.R. at 694. However, Defendant contends that there was no violation of the automatic stay as Defendant never communicated the erroneously credited payments to the Debtor and that their bookkeeping entries do not violate the automatic stay, citing the First Circuit's decision in *Mann v. Chase Manhattan Mort. Corp.*, 316 F.3d 1 (1st Cir. 2003). While it is true that there is no violation of the automatic stay if the erroneous bookkeeping entries are "in no manner communicated to the debtor, the debtor's other creditors, the bankruptcy court, nor any third party," that is distinguishable from what the Plaintiff alleges in the case at hand. *Mann*, 316 F.3d at 3. Here, the Plaintiff alleges that the Defendant misapplied payments and then transferred the account with an inflated loan balance which led the subsequent claim holder to attempt to collect the inflated balance. These allegations are sufficient for this Court to make the reasonable inference that the alleged misapplied payments were not simply internal bookkeeping records as discussed in *Mann*.

Plaintiff also alleges that the violation of the automatic stay was willful. To constitute a willful violation of the automatic stay, a creditor need only "commit an intentional act with knowledge of the automatic stay." *Citizens Bank v. Strumpf (In re Strumpf)*, 37 F.3d 155, 159 (4th Cir. 1994). Plaintiff alleged that Defendant was aware of both the automatic stay and the confirmed plan and despite this knowledge misapplied the payments received under the confirmed plan (Doc. #1, ¶¶ 30, 56, 59, 160). Thus, Plaintiff has plausibly pled a willful violation of the automatic stay.

Finally, Plaintiff contends that she did in fact suffer actual damages as a result of the violation of the automatic stay. Plaintiff has alleged that due to the misapplication of payments under the confirmed plan there was "an allegedly past due balance upon discharge" which led to

"Shellpoint demanding post-discharge payments of amounts that had already been paid during the Chapter 13 Plan and threatening to foreclose" (Doc. #1, ¶¶ 5, 171). Plaintiff also alleges emotional injury (Doc. #1, ¶ 173). The Court finds the allegations in the Complaint regarding damages sufficient for the purposes of Rule 12(b)(6) and that Plaintiff has plausibly pled all elements required under § 362(k).

    III)    <u>Third Cause of Action: Violation of the Bankruptcy Rule 3002.1(c)</u>

Plaintiff's final cause of action alleges that Defendant failed to give notice of assessed fees, expenses, and charges as required by Bankruptcy Rule 3002.1(c) and seeks sanctions under Bankruptcy Rule 3002.1(i). Bankruptcy Rule 3002.1(a) states that the noticing requirements of Rule 3002.1(c) apply "in a chapter 13 case to claims (1) that are secured by a security interest in the debtor's principal residence and (2) for which the plan provides that either the trustee or the debtor will make contractual installment payments…" Bankruptcy Rule 3002.1(a). Thus, Rule 3002.1(c) is applicable to the claim at hand.

Pursuant to Bankruptcy Rule 3002.1(c):

> The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

Bankruptcy Rule 3002.1(c).

Plaintiff alleges that Defendant "assessed fees, expenses, and charges to the Account without filing the requisite notice and notifying [Plaintiff], [Plaintiff]'s counsel, and Trustee Hutson pursuant to Rule 3002.1(c), including late charges, foreclosure attorney fees, 'bankruptcy costs,' property inspections, 'technology fees,' appraisal fees, and 'elec invoice fees.' " (Doc. #1, ¶¶ 185, 191). Plaintiff contends that Defendant transferred the account with the assessed fees,

expenses, and charges, thus asserting the recoverability of such fees (Doc. #1, ¶¶ 61, 62).

Under Bankruptcy Rule 3002.1(i), if a holder of a claim fails to provide the notice required under Rule 3002.1(c), the court may take either or both of the following actions:

> (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Bankruptcy Rule 3002.1(i).

Pursuant to Rule 3002.1(i), "[t]he only defense a creditor has to this action by the court is to prove that the failure to provide the information was substantially justified or harmless." 9 Collier on Bankruptcy ¶ 3002.1.03 (16th ed. 2020). Plaintiff alleges that Defendant's failure to provide the information required by Rule 3002.1(c) "was not substantially justified" and "was not harmless" (Doc. #1, ¶¶ 185, 186). Plaintiff contends that Defendant transferred the account with the assessed fees, expenses, and charges, thus asserting the recoverability of such fees, which inflated the balance of the amount owed as the "failure to comply with Rule 3002.1(c) prevented [Plaintiff], her counsel, and Trustee Hutson from utilizing Rule 3002.1(e) by moving this Court to 'determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code' " (Doc. #1, ¶ 80). Taking Plaintiff's allegations as true, for the purposes of Rule 12(b)(6), this Court finds that Plaintiff has plausibly pled her cause of action for violation of Bankruptcy Rule 3002.1(c) and sanctions pursuant to Bankruptcy Rule 3002.1(i).

## **CONCLUSION**

For the reasons as stated above, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant's Motion to Dismiss the Complaint is DENIED.

[END OF DOCUMENT]

Parties List for 20-9018

Andrew L. Vining

10130 Perimeter Parkway

Suite 400

Charlotte, NC 28216

Koury L. Hicks

1738 Hillandale Rd, Suite D

Durham, NC 27705

William Miller

101 South Edgeworth Street

Greensboro, NC 27401

George Benjamin Milam

214 N. Tryon Street

Suite 3700

Charlotte, NC 28202

Jason K. Purser

10130 Perimeter Parkway

Suite 400

Charlotte, NC 28216

Hannah D. Kays

4140 Parklake Avenue

Suite 200

Raleigh, NC 27612